IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

RONALD H. FOSTER,

   Plaintiff,

v.                       Civil Action No: _____      2:25-cv-00545-RAH-JTA

AUTHOR SUCCESS PUBLISHING,

MARK ANDERSON,

MICHAELA STONE,

EMILY ROSE,

and JOHN/JANE DOES 1-5,

   Defendants.

RECEIVED 2025 JUL 21 P 1:12 U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## COMPLAINT FOR DAMAGES, EQUITABLE RELIEF, AND MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)

Filed by:

Ronald H. Foster

Pro Se Plaintiff

398 County Road 1114

Troy, AL 36079

minrlwtr@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE [DISTRICT NAME] OF ALABAMA

[YOUR NAME],
Plaintiff,
v.
AUTHOR SUCCESS PUBLISHING,
"EMILY ROSE",
MARK ANDERSON,
JOHN DOE 1–5,
Defendants.

RECEIVED
2025 JUL 21  P 1: 12
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No. _____

**COMPLAINT FOR DAMAGES**

(INCLUDING RICO, FRAUD, COPYRIGHT INFRINGEMENT, CONVERSION, AND OTHER CLAIMS)
JURY TRIAL DEMANDED

## INTRODUCTION

This action arises from a complex and fraudulent publishing and marketing scheme orchestrated by Author Success Publishing ("ASP") and its agents. Plaintiff, an experienced and widely published author, was induced to enter into agreements and transfer significant funds based on false promises, misrepresentations, and coercive tactics. Defendants engaged in a pattern of conduct involving wire fraud, copyright misuse, conversion, and emotional manipulation, causing substantial financial loss and personal distress to Plaintiff.

## JURISDICTION AND VENUE

This Court has jurisdiction under:

18 U.S.C. § 1964(c) (RICO)

17 U.S.C. § 501 et seq. (Copyright Act)

28 U.S.C. § 1331 (Federal Question)

28 U.S.C. § 1332 (Diversity; damages exceed $75,000)

28 U.S.C. § 1367 (Supplemental state law claims)

Venue is proper under 28 U.S.C. § 1391(b), as substantial events occurred in this District and Plaintiff resides here.

## PARTIES

Plaintiff is an individual residing in Alabama.

Defendant Author Success Publishing is a business entity operating across state lines and purporting to offer publishing and marketing services. Its known address is 140 E 45th St, New York, NY 10017.

Defendant "Emily Rose" is an agent or employee of ASP and participated directly in the actions described herein.

Defendant Mark Anderson is a former associate of ASP who was actively involved in communications and transactions with Plaintiff.

Defendants JOHN DOE 1 through 5 are individuals or entities whose identities are presently unknown but who materially aided or participated in the acts described herein. Based on internal ASP documentation (Exhibit E), this includes individuals acting on behalf of the company such as Jane Walker, Project Manager (on behalf of Jay Brown), who may have participated in or had knowledge of the fraudulent and obstructive conduct alleged.

## FACTUAL ALLEGATIONS

### ROYALTY STATUS REPORT – ASP ADMISSIONS

Plaintiff received a document titled "Royalty Status Report" from ASP in response to repeated inquiries about withheld royalties. This document, now attached as Exhibit E, shows that ASP acknowledges Plaintiff's account and intellectual property are still "active" but under "system validation and reconciliation."

The report further claims there are "no missing or mismanaged funds," while also admitting that royalty disbursements have not occurred and backend revenue accounting has yet to be completed. ASP references audits, tracking setups, and platform-side accounting but has failed to provide proof of transactions or amounts owed.

This admission supports Plaintiff's claims under conversion, constructive trust, breach of contract, unjust enrichment, accounting, and RICO, as ASP continues to withhold funds derived from the unauthorized sale or licensing of Plaintiff's copyrighted works.

### COPYRIGHTED BOOK TITLES INVOLVED

The following five (5) copyrighted works authored by Plaintiff were covered by the investment and distribution agreements with Author Success Publishing (ASP):

Preppers Road March

BUG OUT! Preppers on the Move!

The Light in The Lake

An Old Farts Survival Guide

It's A Disaster

While Plaintiff initially granted ASP limited permission to print and distribute these works under contract, this permission was contingent upon full contractual performance and return on investment guarantees. ASP's failure to fulfill those contractual obligations, including refusal to issue royalties or refunds, rendered their continued possession, reproduction, and distribution of Plaintiff's works unauthorized.

These actions constitute copyright infringement under 17 U.S.C. §§ 106 and 501. Plaintiff seeks statutory damages and injunctive relief for willful, ongoing misuse of the works. for registration under the U.S. Copyright Act and protected under both U.S. and international law. ASP used these titles or their promotional materials without license, consent, or authorization from Plaintiff, in violation of 17 U.S.C. §§ 106 and 501, including reproduction, distribution, and display rights.

QUERY LETTER FRAUD

In addition to the four investment agreements, Plaintiff also paid $800 to ASP for a so-called "Professional Query Letter Writing Service" intended to assist in pitching Plaintiff's work to literary agents and publishers. Plaintiff was promised a customized, market-ready query letter drafted by professionals with industry expertise. Despite repeated requests, Plaintiff received no such letter, nor any proof that any marketing outreach had occurred.

GHOSTWRITING SERVICE NON-PERFORMANCE

Plaintiff also paid $1,200 to ASP for ghostwriting services. ASP represented that this fee would cover the professional development and completion of a marketable manuscript to be used for future publishing and promotional campaigns. Despite this, ASP failed to deliver any portion of the promised work product, did not provide drafts or updates, and ceased all substantive communication after receiving payment.

This ghostwriting fee was collected under false pretenses, contributing further to the pattern of fraudulent inducement and unjust enrichment by ASP.

This service was misrepresented and not delivered, adding to the ongoing pattern of deceptive marketing practices and fraudulent inducement by ASP and its agents.

CONTRACTUAL BACKGROUND

Plaintiff entered into three written agreements with Author Success Publishing ("ASP") as follows:

1. January 22, 2025 – "Preppers Road March":
   Plaintiff invested $10,017 for the production and distribution of 2,100 copies. ASP promised a 200% return on investment, or $30,051 total return.

2. January 30, 2025 – "BUG OUT! Preppers on the Move!":
   Plaintiff invested $9,460 for a bundled print and distribution campaign involving 3,000 copies. ASP again guaranteed a 200% ROI totaling $28,380.

3. March 4, 2025 – "Bug Out Boat Survival: The Post Apocalyptic Survival Trailer Pod (Aftermath Survival Book 3)":
   Plaintiff invested $11,125 to print 2,500 copies, with a guaranteed 200% return totaling $33,375. This agreement also promised a full refund if sales did not meet the projections.

Across these three agreements, Plaintiff invested a total of $30,602, with projected earnings totaling $91,806 based on ASP's representations. To date, ASP has failed to issue any refund or royalty payments in accordance with the contract terms, which constitutes a clear and willful breach. This systematic failure supports Plaintiff's claims under breach of contract, fraud, conversion, and unjust enrichment.

Plaintiff entered into four written agreements with Author Success Publishing ("ASP"):

Five (5) Books Total: Across these contracts, Plaintiff contracted for the promotion, marketing, and/or distribution of a total of five (5) separate book titles authored by Plaintiff. These works were covered under the following agreements:

$1 $40,062 with total return promises of $120,186. No refunds, profits, or royalties have been remitted. These documents form the basis of Plaintiff's breach of contract, fraud, unjust enrichment, and RICO allegations., forming the core of Plaintiff's breach of contract, fraud, and copyright infringement claims.

CONTRACTUAL BACKGROUND

Plaintiff entered into three written agreements with Author Success Publishing ("ASP") as follows:

1. January 22, 2025 – "Preppers Road March":
   Plaintiff invested $10,017 for the production and distribution of 2,100 copies. ASP promised a 200% return on investment, or $30,051 total return.

2. January 30, 2025 – "BUG OUT! Preppers on the Move!":
   Plaintiff invested $9,460 for a bundled print and distribution campaign involving 3,000 copies. ASP again guaranteed a 200% ROI totaling $28,380.

3. March 4, 2025 – "Bug Out Boat Survival: The Post Apocalyptic Survival Trailer Pod (Aftermath Survival Book 3)":
   Plaintiff invested $11,125 to print 2,500 copies, with a guaranteed 200% return totaling $33,375. This agreement also promised a full refund if sales did not meet the projections.

Across these three agreements, Plaintiff invested a total of $30,602, with projected earnings totaling $91,806 based on ASP's representations. To date, ASP has failed to issue any refund or royalty payments in accordance with the contract terms, which constitutes a clear and willful breach. This systematic failure supports Plaintiff's claims under breach of contract, fraud, conversion, and unjust enrichment.

Plaintiff entered into two written agreements with Author Success Publishing ("ASP"):

These contracts form the basis for Plaintiff's breach of contract, fraud, and conversion claims.

CAUSES OF ACTION

COUNT I – RICO VIOLATIONS (18 U.S.C. §§ 1962(c), (d))

Defendants formed and operated an enterprise through a pattern of racketeering activity, including wire fraud, mail fraud, extortion, and fraudulent inducement.

The enterprise engaged in repeated fraudulent transactions involving false representations, coercive fee demands, and forged communications.

Plaintiff suffered injury to business and property and is entitled to treble damages and attorney's fees under 18 U.S.C. § 1964(c).

COUNT II – FRAUDULENT INDUCEMENT

Defendants knowingly misrepresented essential facts to induce Plaintiff into contracts and payments.

Plaintiff reasonably relied on these representations and incurred over $25,000 in direct losses.

COUNT III – BREACH OF CONTRACT

ASP breached valid agreements by withholding royalties, altering terms, and failing to deliver promised services. Although Plaintiff initially granted ASP limited permission to print and distribute Plaintiff's copyrighted works under the signed agreements, this permission was expressly conditioned upon ASP fulfilling its obligations. Once ASP failed to meet its contractual duties, including payment of royalties and delivery of promised services, that permission was revoked and all continued use became unauthorized.

Plaintiff seeks damages in the amount of $25,000.

COUNT IV – COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501, 504)

ASP used Plaintiff's copyrighted works—including five (5) specifically titled and protected books—without authorization. This included unauthorized reproduction, distribution, public display, and commercial exploitation.

These actions constitute willful infringement under the Copyright Act.

Plaintiff seeks statutory damages of $150,000 under 17 U.S.C. § 504(c)(2), as well as injunctive relief and attorney's fees pursuant to 17 U.S.C. § 505.

COUNT V – CONVERSION

Defendants intentionally retained and converted Plaintiff's property including books, funds, and IP.

Plaintiff seeks $25,000 in compensatory damages and $50,000 in punitive damages.

COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants' conduct, including threats and deception, was extreme and outrageous.

Plaintiff seeks $50,000 in emotional distress damages.

COUNT VII – USE OF WIRES AND MAIL IN FURTHERANCE OF FRAUD (18 U.S.C. §§ 1341, 1343)

Defendants employed emails, phone calls, and wire transfers to advance their fraudulent scheme.

These actions support Plaintiff's claims under federal wire and mail fraud statutes.

COUNT VIII – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

Defendants' actions interfered with Plaintiff's professional publishing opportunities and revenue.

Plaintiff seeks $20,000 for disruption of contractual and publishing relationships.

COUNT IX – PROMISSORY ESTOPPEL

ASP made false promises regarding services and income.

Plaintiff relied on these promises and suffered financial harm totaling $15,000.

COUNT X – DECLARATORY JUDGMENT

Plaintiff requests a judicial declaration that ASP has no rights to Plaintiff's intellectual property and must return or cease all use.

COUNT XI – CIVIL THEFT / THEFT BY DECEPTION

Defendants knowingly obtained Plaintiff's funds through false pretenses, including fabricated copyright requirements and fake legal obligations.

Their conduct meets the standards for civil theft and was carried out with intent to permanently deprive Plaintiff of property.

Plaintiff seeks recovery of all stolen funds, interest, and punitive damages.

COUNT XII – UNJUST ENRICHMENT

Defendants accepted payments from Plaintiff without providing equivalent value or services.

Retention of these funds would be unjust under the circumstances.

Plaintiff seeks full restitution of all funds paid.

COUNT XIII – NEGLIGENT MISREPRESENTATION

Defendants made material false statements regarding legal requirements, copyrights, and publishing practices.

Defendants had a duty to ensure the truth of these statements but failed to do so.

Plaintiff relied on the statements to her detriment and suffered financial loss.

COUNT XIV – CONSTRUCTIVE TRUST

Due to the wrongful retention of funds and IP profits, Plaintiff seeks to impose a constructive trust over any proceeds derived from Plaintiff's works.

Defendants should be required to hold such funds for Plaintiff's benefit until this matter is resolved.

COUNT XV – ACCOUNTING

Plaintiff seeks an order requiring ASP to produce a full accounting of all income and revenue earned from Plaintiff's works.

This includes book sales, royalties, marketing fees, and other payments received from third parties.

COUNT XVI – INJUNCTIVE RELIEF (PERMANENT INJUNCTION)

Plaintiff seeks a permanent injunction barring ASP from distributing, marketing, or profiting from Plaintiff's works in any form.

Plaintiff also seeks to bar ASP from making further contact or soliciting funds from Plaintiff.

EXHIBITS

Exhibit A – Service Agreement dated January 20, 2024

Exhibit B – Book Sales Investment Agreement dated January 21, 2024

Exhibit C – Book Sales Investment Agreement dated January 30, 2025

Exhibit D – Investment Proposal dated March 4, 2025

Exhibit E – Royalty Status Report issued by ASP

Exhibit F – [Placeholder for email chains, payment receipts, or correspondence to be added if available

COUNT XVII – ATTEMPTED THEFT BY DECEPTION

Defendants issued a falsified 'Authorization Form for Legal Clearance & Royalty Disbursement' demanding $18,199 under the guise of a court-ordered requirement. This document contained fabricated references to a federal court order, Department of Justice certification, and metadata clearance obligations. No such requirements were included in any service agreement or legal mandate. The use of a shell account (NEXTZEN MINDS LLC) to collect this fee further supports the claim that this was an orchestrated attempt to steal funds through deception.

Plaintiff seeks compensatory and punitive damages, injunctive relief, and referral to law enforcement for attempted wire fraud and false impersonation of a federal legal process.

COUNT XVIII – FRAUDULENT MISREPRESENTATION OF COURT AUTHORITY

Defendants falsely claimed in written communication and in a formal document that a federal court ordered the withholding of Plaintiff's royalties until a compliance fee of $18,199 was paid. These assertions were completely false, unverified by any actual court record, and intended solely to pressure Plaintiff into submitting payment under duress.

This constitutes a knowing and willful misrepresentation of legal authority, and supports additional liability under RICO, wire fraud statutes (18 U.S.C. § 1343), and civil fraud.

Plaintiff requests declaratory judgment, treble damages, and an injunction against further deceptive practices.

### REVISED DAMAGES SUMMARY:

Plaintiff respectfully requests this Court to award the following damages:

1. **Compensatory Damages**: $42,062 for direct financial losses, including:
   - $30,623 in fraudulent book distribution agreements
   - $800 for undelivered query letter
   - $1,200 for ghostwriting services
   - $9,439 for additional coerced or misrepresented payments

2. **Statutory Damages**: Up to $750,000 for willful copyright infringement (5 works × $150,000 each)

3. **Treble Damages**: $126,186 under 18 U.S.C. § 1964(c) for RICO violations (3× actual financial injury)

4. **Punitive Damages**: $120,000 for malicious fraud and fraudulent concealment

5. **Emotional Distress Damages**: $50,000 for intentional infliction of emotional distress

6. **Special Damages**:
   - $20,000 for tortious interference with business expectancy
   - $15,000 for promissory estoppel

7. **Constructive Trust & Injunctive Relief**: On all royalties, assets, or proceeds derived from Plaintiff's works

8. **Legal Fees & Costs**: Full recovery of attorney's fees and litigation costs pursuant to 17 U.S.C. § 505 and RICO

### TOTAL MONETARY DAMAGES REQUESTED: $1,123,248 + Equitable Relief

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

Enter judgment in Plaintiff's favor on all claims;

Award compensatory damages of $42,062 (including $40,062 in investment-related losses, $800 for query letter fraud, and $1,200 for undelivered ghostwriting services);

Award statutory damages of up to $750,000 for willful copyright infringement under 17 U.S.C. § 504(c)(2), calculated at $150,000 per infringed work;

Award treble damages of $375,000 under RICO pursuant to 18 U.S.C. § 1964(c);

In the alternative to RICO, award punitive damages of $120,000 for willful and malicious fraud;

Award emotional distress damages of $50,000;

Grant declaratory and injunctive relief against ASP's further use of Plaintiff's works;

Award reasonable attorney's fees and costs;

Award special damages of $35,000 for tortious interference with business expectancy ($20,000) and promissory estoppel ($15,000);

Plaintiff seeks recovery of over $300,000 in royalties wrongfully withheld by Defendants under false pretenses, in addition to return of all prior funds paid.

Grant any other relief this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

*/s/ Ronald H. Foster*, pro se

Ronald H. Foster
398 County Rd 1114

Troy Alabama 36079
minrlwtr@aol.com
334-676-9155
Pro Se Plaintiff