IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD H. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-545-RAH-JTA |
| ) | (WO) |
| AUTHOR SUCCESS PUBLISHING, ) | |
| MARK ANDERSON, MICHAELA ) | |
| STONE, and EMILY ROSE, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court are *pro se* Plaintiff Ronald H. Foster's motion for expedited ruling (Doc. No. 11) and motion for hearing (Doc. No. 11). Plaintiff "requests that the Court grant an expedited ruling or, in the alternative, set an expedited hearing on Plaintiff[']s pending Motion for Preliminary Injunction (Doc. 2) and Motion for Summary Judgment (Docs. 4 & 5), pursuant to the Court's inherent equitable powers and applicable procedural rules." (Doc. No. 11 at 1.) For the reasons stated below, the court denies the motions.

Plaintiff is not entitled to an "expedited ruling" on his motion for preliminary injunction. Defendants have not yet appeared. An expedited ruling granting a preliminary injunction at this point would be inappropriate. Under the circumstances presented here, a motion for preliminary injunction cannot be expedited on an emergency basis at the expense of notice to the opposing party. Fed. R. Civ. P. 65(a)(1) ("The court may issue a

preliminary injunction only on notice[1] to the adverse party."); Fed R. Civ. P. 65(b)(3) (providing for an expedited preliminary injunction hearing *after* entry of a temporary restraining order). That is the procedure for a temporary restraining order and the district judge in this matter has already ruled on Plaintiff's attempts to obtain a temporary restraining order. (Docs. No. 9, 18.)

Further, by Recommendation entered separately on today, the undersigned recommended Plaintiff's motions for summary judgment (Docs. No. 4, 5) be denied summarily without prejudice to raise the arguments therein at an appropriate time in compliance with Rule 56 of the Federal Rules of Civil Procedure. Consequently, Plaintiff's request to expedite a ruling on the motions for summary judgment is moot.

Accordingly, it is ORDERED that Plaintiff's motion for expedited ruling (Doc. No. 11) and motion for hearing (Doc. No. 11) are DENIED.

**Further, it is ORDERED that Plaintiff submit no further briefs, notices, evidence, or other filings in support of his motion for preliminary injunction (Doc. No. 2) without leave of court. Documents filed in violation of this Order may be summarily stricken.**[2]

---

[1] Plaintiff has submitted a document stating he engaged in "good-faith efforts" to notify the opposing parties of his "Motion for Temporary Restraining Order and Preliminary Injunction" seeking "emergency relief." (Doc. No. 12 at 1.) When injunctive relief is granted solely on the movant's certification that he engaged in good faith attempts to give notice to the opposing party, that is a temporary restraining order, not a preliminary injunction. Fed. R. Civ. P. 65(b).

[2] This Order is entered upon consideration of Plaintiff's ongoing consecutive filings pertaining to the motion (*e.g.*, Docs. No. 13, 15, 16) and the court's obligation to manage its docket to achieve the just, speedy, and efficient resolution of the action.

DONE this 8th day of August, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE