IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD H. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-545-RAH-JTA |
| | ) (WO) |
| AUTHOR SUCCESS PUBLISHING, | ) |
| MARK ANDERSON, MICHAELA | ) |
| STONE, and EMILY ROSE, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court[1] are the motions for summary judgment[2] filed by *pro se* Plaintiff Ronald H. Foster. (Docs. No. 4, 5.) For the reasons stated below, the undersigned recommends the motions for summary judgment be denied without prejudice to raise the arguments therein at an appropriate time in compliance with Rule 56 of the Federal Rules of Civil Procedure.

### I.   JURISDICTION AND VENUE

This court exercises subject matter jurisdiction over this action based on federal question jurisdiction,[3] 28 U.S.C. § 1331, as Plaintiff asserts a claim for copyright

---

[1] Pursuant to 28 U.S.C. § 636, this action has been referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 9 at 2.)

[2] Plaintiff filed this action and his motions for summary judgment on July 21, 2025. (Docs. No. 1, 4, 5.) Defendants have not yet appeared.

[3] The complaint neither adequately alleges nor forecloses the existence of diversity jurisdiction.

infringement under 17 U.S.C. §§ 501 and 504. The court also may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

The complaint adequately alleges[4] both venue and personal jurisdiction are proper in the Middle District of Alabama, Northern Division.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palm v. United States*, 904 F. Supp. 1312, 1314 (M.D. Ala. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-324. A factual

---

[4] Because Defendants have not yet appeared, it is unknown at this time whether they will contest venue or personal jurisdiction.

dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As stated in *Celotex*, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322.

### III.    DISCUSSION[5]

Rule 56 contains basic requirements for a summary judgment motion. It provides: "A party may move for summary judgment, identifying each claim or defense—or the part

---

[5] In making this Recommendation, the court considered all documents Plaintiff submitted to date regarding the summary judgment motions. (*See, e.g.*, Doc. No. 14.)

3

of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56 (a). As previously noted, summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. Rule 56 sets out particular procedures for "asserting that a fact cannot be or is genuinely disputed." Fed. R. Civ. P. 56(c)(1). The party making the assertion that a fact is undisputed "must support the assertion" in one of the following ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* (emphasis added).

Plaintiff utterly failed to comply with Rule 56(a) and (c)(1). He does not clearly identify each claim upon which he seeks summary judgment, much less explain why he is entitled to judgment as a matter of law with respect to each separate claim.[6] (*See* Doc. No.

---

[6] Although his motions are ambiguous, Plaintiff appears to be seeking summary judgment on all claims. Not only does he fail to clearly indicate the claims on which he seeks summary judgment, he also fails to indicate with adequate specificity which claims his various arguments are intended to support. A proper summary judgment motion, unlike Plaintiff's, must clearly identify the claim(s) upon which summary judgment is sought and, with sufficient specificity, explain why the movant is entitled to judgment as a matter of law as to each such claim. Fed. R. Civ. P. 56(a). This allows the court and the opposing party to understand the basis for the summary judgment motion. Otherwise, the opposing party cannot adequately respond to the motion. Neither can the court grant the motion if it cannot understand the grounds on which it rests. Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting . . . the motion.").

4 at 2 ("Plaintiff respectfully requests that the Court . . . [grant] this Motion for Summary Judgment [and] [enter] judgment in favor of Plaintiff on all applicable counts . . . ."); Doc. No. 5 at 1 ("Plaintiff is entitled to judgment as a matter of law on the claims of breach of contract, fraudulent inducement, copyright infringement, and conversion, among others.").) He attached no exhibits to his summary judgment motions, nor does he "cit[e] to particular parts of" the numerous exhibits attached to his complaint. Fed. R. Civ. P. 56(c)(1)(A).

"Plaintiff's failure to comply with [Rule 56(a) and] Rule 56(c)(1)(A) makes it anyone's guess as to the basis upon which he contends the material facts are undisputed." *Kelly v. Elite Roofing, LLC*, No. 2:24-cv-388-MHT-JTA, 2024 WL 4994508, at *8 (M.D. Ala. Dec. 5, 2024), *report and recommendation adopted*, No. 2:24-cv-388-MHT, 2025 WL 366431 (M.D. Ala. Jan. 31, 2025). Although the court must construe the filings of *pro se* litigants more liberally than those of an attorney, that leniency does not give the court "'license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Municipality of Dothan v. Hammond*, No. 1:24-cv-289-ECM-JTA, 2024 WL 2378870, at *1 (M.D. Ala. May 22, 2024) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). "It is not the duty of the court to scrutinize the collection of exhibits Plaintiff" attached to his complaint "in search of a theory upon which the evidence might support his summary judgment motions, and doing so would be a futile waste of judicial resources." *Kelly*, 2024 WL 4994508, at *8.

Furthermore, Plaintiff's failure to comply with Rule 56(c) is so utterly complete that it would prevent Defendants from crafting responsive briefs containing cogent arguments.

5

It also will prevent the court from engaging in any meaningful analysis of the merits of the motions. In short, because Plaintiff has not carried his initial burden to demonstrate the absence of a triable fact issue by citing to credible evidence in the record, ordering briefing on the summary judgment motions or attempting to resolve them as filed would waste judicial time and resources and unnecessarily delay the proceedings. *See United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437–38 (11th Cir. 1991) (holding that "'*[i]f* the moving party" first affirmatively demonstrates the absence of a triable issue of fact with arguments supported by citations to credible evidence, *then* the burden on summary judgment shifts to the nonmoving party to establish the existence of a genuine triable factual dispute (emphasis added)); *see also Kelly*, 2024 WL 4994508, at *8 (collecting cases and other authorities in support of denying a noncompliant summary judgment motion on grounds that ordering briefing and addressing the motion would waste judicial resources).

Consequently, Plaintiff's summary judgment motions are due to be summarily denied without briefing and without prejudice to refile a summary judgment motion at the appropriate time and in a format that complies with Rule 56. *Kelly*, 2024 WL 4994508, at *8 (recommending denial of summary judgment motions without prejudice and without first requiring briefing from opposing parties on grounds that the movant entirely failed to comply with Rule 56(c)(1)); *see also* Fed. R. Civ. P. 56(e)(4) (providing that, when "a party fails to properly support an assertion of fact . . . as required by Rule 56(c), the court may . . . issue any . . . appropriate order").

## IV. CONCLUSION

Accordingly, the undersigned RECOMMENDS that Plaintiff's motions for summary judgment (Docs. No. 4, 5) be DENIED.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **August 22, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 8th day of August, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE