IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD H. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-545-RAH-JTA |
| | ) (WO) |
| AUTHOR SUCCESS PUBLISHING, | ) |
| MARK ANDERSON, MICHAELA | ) |
| STONE, EMILY ROSE, ECHO | ) |
| GLOBAL LLC, and KHURRAM Y. | ) |
| KHAN, individually and as organizer of | ) |
| Echo Global LLC, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Plaintiff Ronald H. Foster's motions for clarification, reconsideration, and assistance of counsel. (Doc. No. 55.) For the reasons stated below, the motions are due to be denied. Further, Plaintiff will be required to show cause why he should not be found in violation of Rule 11(b) of the Federal Rules of Civil Procedure and why he should not be sanctioned pursuant to Rule 11 and for violating this court's orders.

### I.   DISCUSSION

A.   Motion for Assistance

Plaintiff argues the complexity of this case requires assistance of counsel. (Doc. No. 55 at 3.) Plaintiff's amended complaint alleges[1] Defendants engaged in a fraudulent

---

[1] The court is merely summarizing Plaintiff's detailed allegations. At this stage of litigation, his allegations have not been proven as a matter of law.

scheme related to a publishing contract. (Doc. No. 26.) Specifically, Plaintiff alleges Defendants fraudulently represented they would release $300,000.00 in publishing royalties they were holding for him pursuant to a contract to publish books he authored, but only on condition that he first send sums of $18,199.00 and $6,999.00 they claimed he owed for compliance fees and pursuant to fictitious court orders. (*Id.*) Defendants allegedly have yet to release the royalties to Plaintiff, despite Plaintiff's payments in compliance with their demands. (*Id.*) Meanwhile, Defendants allegedly continue to distribute and collect royalties on Plaintiff's copyrighted works. (*Id.*)

While litigation of Plaintiff's claims may be complex, this case is not more complex than most cases litigated by *pro se* litigants. Plaintiff is not indigent and does not seek court-appointed counsel in the traditional sense. Rather, he seeks the court's assistance in "facilitating representation" and "securing representation by facilitating contact with counsel at [his own] expense." (Doc. No. 55 at 3–4.) He also requests an order "encourag[ing] local counsel to consider representation." (*Id.* at 4.) Plaintiff cites no legal basis for the judicial assistance he requests in obtaining counsel. Pursuant to its duties to remain impartial, the court will not recommend attorneys, assist the parties in obtaining private legal representation, encourage or discourage counsel from representing any party, or assist any party in communicating with counsel or potential counsel.[2] Accordingly,

---

[2] Plaintiff is ADVISED that the court's website provides important information for litigants who are proceeding *pro se*. Plaintiff should review the section entitled "Representing Yourself in Court" on the court's website (https://www.almd.uscourts.gov). The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and forms/instructions are also available.

Plaintiff's request for assistance in procuring legal counsel is due to be denied.

Plaintiff also seeks the court's assistance in harnessing executive branch agencies to pursue criminal investigations against Defendants. Specifically, Plaintiff requests referral of this matter for criminal proceedings or, alternatively, "guidance or contact information for the United States Attorney's Office, the Department of Justice, or the Federal Bureau of Investigation so that his evidence may be reviewed by the proper authorities." (Doc. No. 55 at 2.) As an impartial, independent branch of government, the court has no authority to direct executive branch agencies or officials to investigate crimes or refer matters (other than criminal contempt of court) to executive agencies for prosecution. Fed. R. Crim. P. 42; *Lee v. Smithart*, No. 2:23-cv-523-MHT-CSC, 2023 WL 9442571, at *1 n.2 (M.D. Ala. Dec. 20, 2023) ("Although [the plaintiff] does not specify the type of investigation he seeks, notably, a court has no authority to act as a prosecutorial entity and thus is without jurisdiction to refer any defendant to a federal agency for criminal investigation or prosecution." (citing *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000)), *report and recommendation adopted*, No. 2:23-cv-523-MHT, 2024 WL 329136 (M.D. Ala. Jan. 29, 2024); *see also Terry v. Desautels*, No. 2:24-CV-727-RAH-JTA, 2025 WL 2089310, at *7 & n.23 (M.D. Ala. July 24, 2025) (explaining individuals' lack of judicially cognizable interest in the prosecution of others and collecting cases), *report and recommendation adopted*, No. 2:24-CV-00727-RAH, 2025 WL 2375145 (M.D. Ala. Aug. 14, 2025). Therefore, the court will not refer this matter for criminal investigation or prosecution. Nor will the court provide guidance to Plaintiff regarding the same. Contact information for executive branch agencies is publicly available.

B.   Motion for Clarification

Plaintiff seeks "clarification regarding default procedure under Rule 55" and "seeks the court's guidance as to whether simultaneous filings are permissible or whether the [c]ourt prefers sequential submission." (Doc. No. 55 at 3.) "The court is not [Plaintiff's] attorney and cannot provide legal advice," even to *pro se* litigants. *Hammond v. Strickland*, No. 1:24-CV-395-ECM-JTA, 2025 WL 1021482, at *2 & n.5 (M.D. Ala. Jan. 27, 2025) (citations omitted), *report and recommendation adopted*, No. 1:24-CV-395-ECM, 2025 WL 1021475 (M.D. Ala. Apr. 4, 2025). Hence, the court will not guide or advise Plaintiff regarding the proper procedures for pursuing default judgment.

C.   Motion for Reconsideration

Plaintiff expresses frustration with previous orders declining to consider his evidence and render a decision on the merits of his claims. (Doc. No. 55 at 1.) All civil lawsuits before this court must proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Alabama.[3] This case is early in the procedural process. After being served with a summons and a copy of the complaint, Defendants will be allowed a period of time to file an answer or motion to dismiss in accordance with Rule 12 of the Federal Rules of Civil Procedure. If the court rules in Plaintiff's favor on any Rule 12 motion to dismiss, or if Defendants answer without moving to dismiss, the court will direct the parties to meet and

---

[3] The Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Middle District of Alabama may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

4

formulate a proposed schedule for discovery and the disposition of this case, and the court will enter a scheduling order. *See* Fed. R. Civ. P. 16 & 26(f). The parties are then entitled to a period of discovery. Following discovery, the parties will be given a deadline to file dispositive motions – *e.g.*, motions for summary judgment. *See* Fed. R. Civ. P. 56. After the court rules on any such motions, and if any of Plaintiff's claims remain pending, a pretrial hearing will be held in advance of a trial. In other words, this case has not yet reached a posture at which the court may consider and resolve claims on the merits. Therefore, the undersigned will not reconsider its prior orders and recommendations declining to prematurely address the merits of Plaintiff's claims.

Plaintiff requests the court reconsider certain statements in an order entered September 23, 2025. There, the court pointed out that, in a previous motion, Plaintiff improperly attributed a quote to *S.E.C. v. Smyth*, 420 F.3d 1225 (11th Cir. 2005) and cited *Smyth* for a proposition it did not support. In his previous motion, Plaintiff's exact words were:

> Plaintiff has already moved for default judgment against ASP, which remains pending. Defendant Khan's "Answer" merely attempts to re-litigate issues already established by ASP's default and does not deny the core facts. **Where a corporate officer shares identical interests with the corporate entity and has notice, the Eleventh Circuit recognizes that he may be bound by the entity's default.** *Sec. & Exch. Comm'n v. Smyth*, **420 F.3d 1225, 1234 (11th Cir. 2005) (holding that default judgment against one defendant may extend to others "where they are similarly situated and have notice").**

(Doc. No. 52 at 4 (emphasis added).)

Regarding Plaintiff's reliance on *Smyth*, the court stated:

5

> Smyth does not contain the quote Plaintiff attributes to it. Nor does it otherwise support Plaintiff's assertion that corporate officer defendants who have appeared are bound by entry of default against corporate entity defendants who have not.

(Doc. No. 54 at 2–3 n.3.)

The court went on to warn Plaintiff of the potential consequences of misrepresenting legal authorities to the court:

> **<u>Plaintiff is expressly warned such errors in a filed document may subject the filer to Rule 11 sanctions</u>**. Fed. R. Civ. P. 11(b)(2), (c). On the chance such errors are the byproduct of using artificial intelligence as a legal research and drafting tool, **<u>Plaintiff is expressly warned reliance on artificial intelligence is no defense to sanctions</u>**. Plaintiff has an independent obligation to verify all citations he uses are valid, ensure the materials he cites support the propositions for which they are cited, and accurately describe the information in the cited material. *See id.*[4]

(Doc. No. 55 at 2–3 n.3.)

Plaintiff now contends he merely "paraphrased *Smyth* incorrectly" in reliance on "a longstanding principle" established by Supreme Court precedent holding "it would be 'incongruous and illegal' to permit inconsistent outcomes between defaulting and nondefaulting defendants in the same action." (Doc. No. 55 at 2.) The court will not waste time peeling back and examining all the layers of duplicity contained in just that one assertion by Plaintiff. It is enough to point out that (1) falsely attributing a convenient quote to *Smyth* is not the same as incorrectly paraphrasing *Smyth* and (2) *Smyth* has nothing whatsoever to do with inconsistent outcomes between defaulting and nondefaulting

---

[4] *Smyth* was not the only misleading citation for which the court castigated Plaintiff on September 23, 2025. (*See* Doc. No. 53 at 1–4, nn. 2, 4, 6 (discussing multiple misleading citations and including a similar warning not to repeat the errors).)

defendants. Therefore, the court will not grant Plaintiff's request to reconsider the portion of its September 23, 2025 Order discussing Plaintiff's flawed citation to *Smyth* and warning him not to repeat his misconduct. (Doc. No. 54 at 2–3 at n.3.)

Plaintiff now continues his deceptive characterization of *Smyth* by falsely attributing *another* quote to it and doubling down on using it to support arguments to which it has no real relevance.[5] Specifically, Plaintiff states:

> The Eleventh Circuit has consistently applied this common-sense rule, reaffirming that while default judgments ordinarily do not bind non-defaulting defendants, an exception exists "in cases where the defendants are similarly situated, such that it would be illogical or unfair to require the plaintiff to prove the same case multiple times." *Smyth*, 420 F.3d at 1234; *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984);[6] *Farley v. Country Coach, Inc.*, 403 F. App'x 397, 401 (11th Cir. 2010).[7]

(Doc. No. 55 at 2.)

Nowhere does *Smyth* contain a quote anything like the one Plaintiff attributes to it (specifically, the following quote: "in cases where the defendants are similarly situated, such that it would be illogical or unfair to require the plaintiff to prove the same case

---

[5] As of the date of this order, neither default nor default judgment have been entered against any Defendant.

[6] *Gulf Coast*, 740 F.2d 1499, does not support Plaintiff's underlying argument. In *Gulf Coast*, the court found that, despite serious misconduct by the defaulting defendant, "[i]t would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting defendant] on a contract that," at trial against a nondefaulting codefendant, "a jury found was breached by [the plaintiff]." 740 F.2d at 1512.

[7] The court has been unable to locate the Eleventh Circuit *Farley* case Plaintiff cites. When the court conducted research to determine if the opinion may be a real one issued by some other court in the nation, it found a **Sixth** Circuit case with the same name and an eerily similar citation: *Farley v. Country Coach Inc.*, 403 F. App'x 973 (6th Cir. 2010). Nonetheless, the Sixth Circuit's opinion in *Farley* has nothing to do with default judgments.

7

multiple times"). Plaintiff's attribution of that quote to *Smyth* is no mere failure to properly paraphrase or quote *Smyth*. It is an outright fabrication. *Smyth* has nothing to do with inconsistent judgments between defaulting and nondefaulting defendants, exceptions to rules against default judgments binding nondefaulting defendants, attribution of default judgments to similarly-situated defendants, or unfairness to plaintiffs who must prove the same case multiple times. Hence, there is no credible possibility Plaintiff accidentally inserted quotation marks around something he intended merely as an accurate paraphrase of a statement in *Smyth*. Furthermore, the court can find no evidence Plaintiff mistakenly attributed to *Smyth* a real quote from some other case.[8]

The court finds Plaintiff violated its September 23, 2025 orders (Docs. No. 53, 54) by continuing to provide false quotes and citations. Further, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure,[9] Plaintiff will be ordered to show cause why he has not violated Rule 11(b) by continuing to provide fabricated quotes and citations to support his

---

[8] The court notes Plaintiff is a published author and presumably knows how to correctly use quotation marks. Nevertheless, the court investigated to determine whether Plaintiff mistakenly used quotation marks for paraphrased material or mistakenly attributed to *Smyth* an exact or paraphrased quote from some other case. The quote Plaintiff attributed to *Smyth* does not appear in any case cited in his motion. Using Westlaw's online research tools, the court could not even find the quote in any other opinion from any federal or state court in the nation. The court also unsuccessfully attempted to find a similar (but not exact) quote in an opinion from a state or federal court anywhere in the United States.

[9] Rule 11(c) requires the offending party be allowed "a reasonable opportunity to respond" prior to a finding of a Rule 11(b) violation. Fed. R. Civ. P. 11(c)(1). Rule 11 also provides that, prior to finding a Rule 11 violation on its own motion, "the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

arguments. He shall also be required to show cause why he should not be sanctioned for violating Rule 11(b) and this court's orders.

## II.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's motion for clarification (Doc. No. 55) is DENIED.

2. Plaintiff's motion for reconsideration (Doc. No. 55) is DENIED.

3. Plaintiff's motion for assistance of counsel (Doc. No. 55) is DENIED.

4. **On or before November 18, 2025,** Plaintiff shall SHOW CAUSE (1) why he has not violated Rule 11(b) of the Federal Rules of Civil Procedure by continuing to provide misleading and fabricated quotes and case citations and (2) why the court should not sanction him for violating Rule 11 and the court's September 23, 2025 court orders (Docs. No. 53, 54).

**<u>Failure to comply with this order will result in sanctions, which may include monetary sanctions or a recommendation of dismissal of this action with or without prejudice. Further use of fabricated or misleading quotations or citations may result in a recommendation of dismissal with prejudice.</u>**

DONE this 29th day of October, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE