IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RECEIVED

2025 NOV -3  P 12: 05

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RONALD H. FOSTER,

   Plaintiff,

v.

AUTHOR SUCCESS PUBLISHING, et al.,

   Defendants.

Case No. 2:25-cv-545-RAH-JTA

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING RULE 11

### I. Acknowledgment of the Court's Concern

Plaintiff sincerely acknowledges the Court's concern regarding the citation errors and the misattribution of a quote to SEC v. Smyth, 420 F.3d 1225 (11th Cir. 2005). Plaintiff accepts full responsibility for the improper citation and for quoting language not actually contained in the opinion.

### II. Explanation and Mitigating Factors

Plaintiff respectfully offers the following explanation—not as an excuse, but to provide context:

- Plaintiff is a 67-year-old senior, living alone in Troy, Alabama, with serious health conditions and limited means. He receives $545/month in Social Security, is dependent on Medicare and Medicaid, and lacks legal training or resources.
- Plaintiff is not represented by counsel and has struggled to keep pace with federal procedures while making every effort to comply in good faith. He relied on a legal reference tool to assist in formatting and citation but failed to verify the accuracy of the quote attributed to Smyth.
- The error was an unintentional mistake resulting from confusion over proper citation formatting and misinterpretation of paraphrased legal reasoning found in secondary sources.
- Upon being alerted by the Court, Plaintiff attempted to clarify the error, apologized, and

has taken steps to avoid any future citation issues, including avoiding third-party legal tools and instead using verified sources such as CourtListener and Google Scholar for any further legal references.

### III. Good Faith and Absence of Intent to Mislead

Plaintiff affirms that he did not intend to mislead the Court or misrepresent legal authority. Any resemblance to fabrication was purely accidental and arose from an honest misunderstanding. Plaintiff has no history of misconduct and has acted in good faith throughout this case.

### IV. Efforts Toward Compliance

Plaintiff has dedicated substantial time—often in excess of his physical and technological limits—to understand the court system, legal rules, and procedures, including Rule 11.

He has attempted to engage in proper litigation despite his circumstances, including:
- Filing documents to the best of his ability;
- Responding promptly to orders;
- Requesting guidance on service;
- Seeking clarification in a respectful manner.

### V. Request for Consideration and Leniency

Plaintiff respectfully requests that the Court:
1. Accept this explanation and sincere apology as evidence of good faith;
2. Decline to impose Rule 11 sanctions at this time;
3. Allow Plaintiff the opportunity to continue litigating his claims, which he believes involve serious and ongoing harm;
4. Consider Plaintiff's financial and physical hardship as a mitigating factor.

Should the Court believe further corrective action is necessary, Plaintiff respectfully requests that it be limited to a warning or directive rather than sanctions, as even a modest monetary penalty would pose extreme hardship.

### VI. Conclusion

Plaintiff appreciates the Court's time and consideration. He understands the seriousness of this matter and reaffirms his commitment to accuracy, candor, and respect for this Court's procedures moving forward.

Respectfully submitted,
November 3, 2025

/s/ Ronald H. Foster
Ronald H. Foster
Pro Se Plaintiff

398 county rd 1114

Troy, AL

36079

334-676-9155

Minrlwtr@aol.com