IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD H. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-545-RAH-JTA |
| | ) | (WO) |
| AUTHOR SUCCESS PUBLISHING, | ) | |
| MARK ANDERSON, MICHAELA | ) | |
| STONE, EMILY ROSE, ECHO | ) | |
| GLOBAL LLC, and KHURRAM Y. | ) | |
| KHAN, individually and as organizer of | ) | |
| Echo Global LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court is a "Motion for Trouble Finding Attorney." It was filed by *pro se* Defendant Khurram Khan.[1] (Doc. No. 62.) In the motion, Defendant Khan seeks the court's assistance procuring an attorney for Defendant Echo Global, LLC, which he owns. (*Id*.) He also seeks an order dismissing the claims against Defendant Echo Global, LLC. For the reasons stated below, the motion for assistance procuring an attorney is due to be denied, and the undersigned recommends denial of the motion to dismiss.

---

[1] Understandably, the docket sheet indicates the motion was filed by Author Success Publishing, but further review confirms it was filed by Defendant Khan, who signed the motion and mailed it to the court in an envelope marked with his return address. As previously explained, Defendant Khan cannot file motions on behalf of other Defendants because he is *pro se* and not an attorney. (*See* Doc. No. 49.) In the first sentence of the motion, Defendant Khan states he filed it on behalf of Author Success Publishing, but later in the motion, he states he "ha[s] nothing to do with Author Success Publishing." (Doc. No. 62 at 2.)

## I.  DISCUSSION

In his motion, Defendant Khan seeks the court's assistance because he cannot find an affordable attorney for Defendant Echo Global, LLC, and because he cannot represent Defendant Echo Global, LLC, on his own. (*Id.*) Defendant Khan also seeks dismissal of the claims against Defendant Echo Global, LLC, on grounds that he (and, by extension, Defendant Echo Global, LLC) "ha[s] nothing to do with Author Success Publishing." (Doc. No. 62 at 2.)

Although defense of Plaintiff's claims may be complex, this case is not more complex than most cases litigated by *pro se* litigants. Defendant is not indigent and does not seek court-appointed counsel in the traditional sense. Rather, he seeks an order "recommending an attorney." (Doc. No. 62.) Defendant cites no legal basis for his request for judicial assistance with obtaining counsel. Pursuant to its duties to remain impartial, the court will not recommend attorneys, assist the parties in obtaining private legal representation, encourage or discourage counsel from representing any party, or assist any party in communicating with counsel or potential counsel.[2] Accordingly, Defendant's

---

[2] Defendant is ADVISED that the court's website provides important information for litigants who are proceeding *pro se*. Defendant should review the section entitled "Representing Yourself in Court" on the court's website (https://www.almd.uscourts.gov). The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and forms/instructions are also available.

In addition, the court notes the existence of other online resources for *pro se* litigants beyond what is available at the court's website, such as the Alabama State Bar's list of legal assistance resources (https://www.alabar.org/for-the-public/get-legal-help/) and the list of legal assistance resources provided by the Alabama Department of Veterans Affairs (https://va.alabama.gov/legalassistance/). The court does not guarantee the quality or availability of legal information or assistance at such external online sources, but merely lists them for reference.

request for assistance in procuring legal counsel is due to be denied.

The request for assistance in obtaining counsel is alternatively due to be denied because Defendant Khan cannot represent Echo Global, LLC, *pro se*, including by filing motions on its behalf. (*See* Doc. No. 49 (citing cases and explaining why Defendant Khan cannot represent Defendant Echo Global, LLC).) For the same reason, the motion to dismiss is due to be denied.

## II.   CONCLUSION

Accordingly, the court CONSTRUES the ""Motion for Trouble Finding Attorney" (Doc. No. 62) as containing two motions filed by Defendant Khan: (1) a motion for assistance finding an attorney and (2) a motion to dismiss the claims against Defendant Echo Global, LLC. The Clerk of the Court is DIRECTED to correct the docket sheet to indicate that these motions were filed solely by Defendant Khan.

It is ORDERED that the motion for assistance finding an attorney (Doc. No. 62) is DENIED.

In addition, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that the motion to dismiss (Doc. No. 62) be DENIED.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **November 19, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Defendant is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 4th day of November, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE