IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD H. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-545-BL-JTA |
| | ) (WO) |
| AUTHOR SUCCESS PUBLISHING, | ) |
| MARK ANDERSON, MICHAELA | ) |
| STONE, EMILY ROSE, ECHO | ) |
| GLOBAL LLC, and KHURRAM Y. | ) |
| KHAN, individually and as organizer of | ) |
| Echo Global LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is the motion to dismiss filed by Defendant Khurram Y. Khan. (Doc. No. 73.) Defendant Khan attached an evidentiary exhibit to the motion to dismiss and relies on those exhibits in the motion. Further, Defendant Khan states in the motion that he "has proof" to support his arguments. (*Id.*)

Rule 12(d) of the Federal Rules of Civil Procedure provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." If the court converts a motion to dismiss pursuant to Rules 12(b)(6) or 12(c) to a Rule 56 motion for summary judgment due to consideration of material outside the pleadings, "[a]ll parties must" first "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Jones v. Auto. Ins. Co. of Hartford, Conn.*,

917 F.2d 1528, 1533 (11th Cir. 1990); *United States v. One Colt Python .357 Cal. Revolver, S/N T03461 W/Holster*, 845 F.2d 287, 289 (11th Cir. 1988). More specifically, binding Eleventh Circuit precedent requires that the parties be given ten days' notice of the conversion of a motion to dismiss into one for summary judgment. *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 627 (11th Cir. 2008); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985); *Donaldson v. Clark*, 819 F.2d 1551, 1554 (11th Cir. 1987).

Therefore, the parties are hereby NOTIFIED of the following summary judgment standard:

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palm v. United States*, 904 F. Supp. 1312, 1314 (M.D. Ala. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-324. A factual

dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322.

Accordingly, NOTICE has now been provided to the parties of the conversion of the motion to dismiss (Doc. No. 73) to a summary judgment motion pursuant to Rule 12(d), "of the summary judgment rules, of [the] right to file affidavits or other material in opposition to the motion, and of the consequences of default." *Griffith*, 772 F.2d at 825.

Further, it is ORDERED as follows:

1. The motion to dismiss (Doc. No. 73) is CONSTRUED as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

2. On or before **December 15, 2025,** Defendant Khan shall file evidence and a brief in support of his motion. The brief shall specifically identify the evidence he believes demonstrates the absence of a genuine issue of material fact. The brief shall also explain why he believes he is entitled to judgment as a matter of law, and his argument shall be supported by citations to controlling case law.

3. On or before **January 5, 2026**, Plaintiff Ronald H. Foster shall show cause in writing why the motion for summary judgment (Doc. No. 73) should not be granted. Plaintiff is specifically ADVISED to address the issues raised in the motion for summary judgment and state why the motion should not be granted and why this case should not be dismissed. Plaintiff is CAUTIONED that, should he fail to show cause why the motion should not be granted or fail to comply with this Order, the Magistrate Judge will recommend that this action be dismissed.

4. Defendant Khan shall file a reply **on or before January 12, 2026**. <u>The motion shall be under submission on the date of the filing of the reply brief, and no further briefing on the motion shall be allowed</u>.

DONE this 24th day of November, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE