IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD H. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-545-BL-JTA |
| ) | (WO) |
| AUTHOR SUCCESS PUBLISHING, ) | |
| MARK ANDERSON, MICHAELA ) | |
| STONE, EMILY ROSE, ECHO ) | |
| GLOBAL LLC, and KHURRAM Y. ) | |
| KHAN, individually and as organizer of ) | |
| Echo Global LLC, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Before the court is the cross-motion for summary judgment (Doc. No. 81) filed by Plaintiff Ronald H. Foster. (Doc. No. 81.) Upon consideration of the motion, it is ORDERED that, **on or before December 30, 2025**, Defendant Khurram Khan shall show cause why the motion should not be granted. **On or before January 9, 2026**, Plaintiff shall file a reply. The motion shall be under submission on the date of the filing of the reply brief, and no further briefing on the motion shall be allowed.

Further, the parties are hereby NOTIFIED of the following summary judgment standard:

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Palm v. United States*, 904 F. Supp. 1312, 1314 (M.D. Ala. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-324. A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322.

    DONE this 10th day of December, 2025.

                                        /s/ Jerusha T. Adams
                                        JERUSHA T. ADAMS
                                        UNITED STATES MAGISTRATE JUDGE