IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD H. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-545-BL-JTA |
| | ) | (WO) |
| AUTHOR SUCCESS PUBLISHING, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court[1] is Plaintiff Ronald H. Foster's Motion for Reconsideration and Renewed Motion for Leave to File a Third Amended Complaint. (Doc. No. 112.) Plaintiff's motion seeks reconsideration of the May 19, 2026 Order denying an earlier motion for leave to file a third amended complaint.

"Extraordinary circumstances may warrant revisitation of a nonfinal order only in the event of an intervening change in controlling law, discovery of new evidence, the need to correct a clear error of fact or law, or the need to prevent manifest injustice." *Moncrief v. City of Montgomery*, No. 2:23- cv-331-JTA, 2026 WL 103181, at *4 (M.D. Ala. Jan. 14, 2026) (citing *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) and *Holmes v. Fresenius Kidney Care of Tuskegee*, No. 3:21-cv-578-ECM, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023)). "'Additional facts and arguments that should

---

[1] On July 22, 2025, this action was referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 9.)

have been raised in the first instance are not appropriate grounds for a motion for reconsideration.'" *Id.* (quoting *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002), *aff'd*, 64 F. App'x 743 (11th Cir. 2003)). Here, Plaintiff has not shown extraordinary circumstances warrant reconsideration of his previous arguments. Nor does he present new facts or arguments that he could not have raised in his previous motion.[2] Furthermore, Plaintiff has not demonstrated reconsideration is necessary to prevent manifest injustice.[3]

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration and Renewed Motion for Leave to File a Third Amended Complaint (Doc. No. 112) is DENIED.

The Clerk of Court is DIRECTED to serve Plaintiff with this order by regular mail and by certified mail, return receipt requested.

DONE this 29th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] For example, Plaintiff provides a proposed amended complaint that he did not include with his previous motion, although he could have done so. (Doc. No. 112-1; *see* Doc. No. 111 (May 19, 2026 Order stating: "Plaintiff argues the shotgun pleading deficiencies in his second amended complaint are curable. However, he has not affirmatively demonstrated that he is in fact able to state all his claims against all Defendants in a pleading that is not a shotgun complaint. Nor did he attach a proposed amended pleading to his motion that would allow the Court to evaluate whether his proposed amendment will comply with Fed. R. Civ. P. 8(a)(2) and 10(b).").)

[3] The pending Recommendation to dismiss without prejudice, if adopted, will not prevent Plaintiff from filing a new action raising his new claims. (*See* Doc. No. 109 at 5 n.6.)