IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD H. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00545-BL |
| | ) | |
| AUTHOR SUCCESS PUBLISHING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Ronald H. Foster, proceeding *pro se*, initiated this action on July 21, 2025. (Doc. 1). On May 14, 2026, the Magistrate Judge recommended that the court dismiss this action without prejudice. (Doc. 109). The Magistrate Judge set the deadline for filing objections on May 28, 2026. (Doc. 109). The Plaintiff filed objections to the recommendation. (Docs. 110).[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A

[1] The Plaintiff's objections included a motion for leave to amend his complaint. (Doc. 110). The Magistrate Judge denied that motion. (Doc. 111). The Plaintiff then filed a motion for reconsideration and a renewed motion for leave to amend. (Doc. 112). The Magistrate Judge denied that motion as well. (Doc. 113). The Plaintiff has filed two "supplements" to his objections. (Docs. 114, 123). However, those filings were submitted after the deadline for objecting set by the Magistrate Judge. (Doc. 114). Finally, the Plaintiff has filed a motion for disposition and a supplement thereto. (Docs. 121, 122). The court disposes of that motion with this order.

district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff emphasizes his *pro se* filing status and argues that his compliance with the court throughout this litigation demonstrates his willingness and ability to draft a proper complaint. (Doc. 110). Because the court has provided the Plaintiff ample time and specific directions for amending his complaint (*see* docs. 18, 25), there is no reason to believe that he will file a sufficient complaint in the future.

The Plaintiff also asserts that the Defendants can understand the nature of his claims. (Doc. 110). However, as underscored by the Magistrate Judge, the factual allegations in the complaint "almost exclusively allege conduct by 'Defendants,' without indicating each Defendant's alleged role in that conduct." (Doc. 109 at 4).

Regardless of whether the Defendants could understand the nature of the complaint as a whole, the Plaintiff's individual claims are insufficiently stated to provide the clarity required by Federal Rule of Civil Procedure 8.

Finally, the Plaintiff asserts that he would incur substantial prejudice as a result of dismissal of this action, specifically "duplicative filing costs, renewed service efforts, additional summons issuance, and repetition of substantial procedural work already completed within this action." (Doc. 110 at 3). The court has no ability to relieve these burdens. Had the Plaintiff filed a sufficient complaint when initially ordered to do so, these burdens would never be incurred. Because of the Plaintiff's failure to aptly amend his complaint upon the court's order, and because Plaintiff has failed to demonstrate his ability to file a sufficient complaint, the court **OVERRULES** the Plaintiff's objections.

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation (doc. 109) and **DISMISSES** this action **WITHOUT PREJUDICE**. The pending motion (doc. 121) is **DENIED AS MOOT**.

The court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 31st day of August, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE